IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| B.L.A., | : |
|     Plaintiff, | : |
| v. | : Case No. 7:24-cv-14 (ALS) |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|     Defendant. | : |

**ORDER**

Pending before the Court is the Commissioner's Motion to Dismiss Plaintiff's Social Security appeal for failure to exhaust. (Docs. 13, 1). For the following reasons, the Court grants the Commissioner's Motion to Dismiss.

**Background**

On December 28, 2018, the Social Security Administration ("the Administration") notified Plaintiff that he had been overpaid Supplemental Security Income ("SSI") benefits. (Doc. 13-1, at 2, 4-12). In relevant part, the Administration stated that Plaintiff was overpaid $19,286.00 from the dates of November 2016 through December 2018 because Plaintiff had more resources than a person could own and still receive SSI. *Id.* at 4, 9-10. Plaintiff requested reconsideration, and on May 30, 2019, the Administration notified Plaintiff that the initial overpayment decision was correct, and that the collection of the overpayment could not be waived. *Id.* at 3, 13-15. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and on March 29, 2022, the ALJ held a telephone hearing with Plaintiff. *Id.* at 3, 16, 29. On May 4, 2022, the ALJ issued a decision finding Plaintiff liable for repayment of benefits and that the recovery of benefits was

not waived. *Id.* at 3, 26-35. The ALJ's decision notified Plaintiff that he could file an appeal with the Appeals Council if he disagreed with the decision, and it provided him with instructions and deadlines for doing so. *Id.* at 26-27. Plaintiff was warned that if he did not appeal and the Appeals Council did not review the ALJ's decision, he would have no "right to Federal court review." *Id.* at 27. Plaintiff did not request review from the Appeals Council (Doc. 13-1, at 3), and on January 19, 2024, Plaintiff filed this federal Complaint. (Doc. 1).[1]

## Exhaustion Standards

To exhaust administrative procedures in the context of a Social Security claim, claimants must follow a four-step process. First, the Administration makes an initial determination about the claimant's "eligibility or [the claimant's] continuing eligibility for benefits[.]" 20 C.F.R. § 416.1400(a)(1). If the claimant disagrees with the initial determination, the claimant can request reconsideration. *Id.* § 416.1400(a)(2). If the claimant is unsatisfied with the outcome of reconsideration, the claimant may then request that an ALJ hear the matter. *Id.* § 416.1400(a)(3). In the final step at the administrative level, if the claimant is unhappy with the ALJ's decision, the claimant may request review by the Appeals Council. *Id.* § 416.1400(a)(4). If the claimant completes those four steps, the Administration "will have made [its] final decision." *Id.* § 416.1400(a)(5). If the claimant disagrees with the Administration's final decision, the claimant may then "request judicial review by filing an action in a Federal district court." *Id.*

## Analysis

The Commissioner moves to dismiss, contending that Plaintiff failed to exhaust his administrative remedies because he did not complete the fourth step in the administrative procedure when he failed to file a request for review of the ALJ's unfavorable decision with the

---

[1] Plaintiff initially filed his federal Complaint in the United States District Court for the Southern District of Georgia. (Doc. 1). On February 5, 2024, that court transferred Plaintiff's social security appeal to this Court. (Docs. 8, 9).

Appeals Council. (Doc. 13, at 6). Plaintiff's Response to the Motion to Dismiss primarily asserts that he was unable to file a timely appeal to the Appeals Council because of various circumstances, including sickness, death, and incarceration. (Doc. 15, at 1). It also appears that Plaintiff may be asserting a constitutional due process claim. (Docs. 15, at 1; 1-2, at 11). Having considered the Motion to Dismiss and Plaintiff's Response, the Court agrees with the Commissioner that Plaintiff failed to exhaust his administrative remedies.

Before addressing the merits of the Motion to Dismiss, the Court pauses to note that the grounds asserted by the Commissioner present a factual challenge to the Court's subject-matter jurisdiction. (Doc. 13, at 3). The Commissioner argues that "Plaintiff cannot establish subject-matter jurisdiction under 42 U.S.C. § 405(g) . . . because he failed to exhaust his administrative remedies in challenging an overpayment . . . nor has he received a 'final decision' of the Commissioner[.]" *Id*. at 1. In a factual challenge to subject-matter jurisdiction, the Court may consider the evidence submitted as it relates to subject-matter jurisdiction. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (citing *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). The Court may "'weigh the facts' and is 'not constrained to view them in the light most favorable'" to the non-moving party. *Id.* (citation omitted).

### *Failure to Exhaust Administrative Remedies*

Turning to the merits of the Motion to Dismiss, for two reasons, the record before the Court establishes that Plaintiff failed to appeal the ALJ's unfavorable decision to the Appeals Council, and Plaintiff therefore failed to exhaust his administrative remedies before filing this federal claim. First, the ALJ's decision itself informed Plaintiff of his right to appeal to the Appeals Council within sixty (60) days if he disagreed with the ALJ's decision. (Doc. 13-1, at 26). Plaintiff was

3

obviously aware of this notice because he attached a copy of the ALJ's decision to his federal Complaint. (Doc. 1-2, at 1). The ALJ informed Plaintiff that he could send a written statement with his appeal to the Appeals Council, and in fact, encouraged him to do so by informing him that sending his "written statement with [his] appeal may help [the Administration] review [his] case sooner." (Docs. 13-1, at 27; 1-2, at 2). The ALJ's decision also warned Plaintiff that if he did not file an appeal to the Appeals Council and the Appeals Council did not review the ALJ's decision on its own, he would not have the right to file a federal claim. (Docs. 13-1, at 27; 1-2, at 2). The record reveals no evidence that Plaintiff filed an appeal with the Appeals Council. (Doc. 13-1, at 3).

Second, Plaintiff admits that he did not file an appeal with the Appeals Council. In his Response, Plaintiff instead offers reasons for why he was unable to file a timely appeal to the Appeals Council. Specifically, Plaintiff argues that he was not able to submit a request for review of the ALJ's May 4, 2022 decision because of deaths in his family, Covid, incarceration, and an inability to find representation. (Doc. 15, at 1). The Court need not address whether those reasons warranted an extension of time to request review from the Appeals Council because it was for the Appeals Council – and not this Court – to decide in the first instance whether the reasons proffered by Plaintiff constituted "a good reason for not filing [an appeal to the Appeals Council] on time." (Docs. 13-1, at 27; 1-2, at 2). Consequently, the Court finds Plaintiff failed to exhaust his administrative remedies, and it must dismiss his federal Complaint unless the failure to exhaust is excused by Plaintiff raising a colorable constitutional claim. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984) (recognizing certain exceptions to the exhaustion requirement).

*Due Process Violations*

Construing his Complaint liberally, Plaintiff appears to assert a constitutional claim which the Court construes as a due process claim.[2] Plaintiff alleges three claims which may implicate due process: (1) the ALJ's decision shows no documentation was submitted, even though Plaintiff submitted several documents; (2) the administrative transcript shows that the ALJ adjourned the hearing and made a decision without notifying Plaintiff or reconvening the hearing; and (3) because the hearing took place during Covid, Plaintiff believes that he was not provided appropriate procedures. (Doc. 1-2, at 11). For the following reasons, none of these alleged due process violations are meritorious.

First, Plaintiff is correct that the ALJ's decision shows that he did not submit any documents, but the ALJ's decision specifies that there were no <u>medical records</u> submitted. (Doc. 1-2, at 10). And for good reason: the ALJ was not deciding whether Plaintiff was disabled. The ALJ was deciding whether Plaintiff had been overpaid SSI benefits. In that regard, Plaintiff submitted his own letter of explanation, a letter from a business associate and a copy of that letter, motor vehicle records, a fax cover sheet, and a document showing some unexplained dollar figures. (Doc. 13-1, at 18-25). The ALJ's decision expressly referenced Plaintiff's request for a hearing which included those documents attached to it. *Id.* at 32 (citing Exhibit 5B); *see also id.* at 34 (Exhibit 5B showing 10 pages).

Second, it is not clear what Plaintiff means when he asserts that the ALJ made a decision without reconvening the hearing or notifying Plaintiff. Plaintiff asserts no grounds suggesting that the ALJ should have reconvened the hearing, and it is apparent that the ALJ notified Plaintiff of his unfavorable decision because Plaintiff submitted a copy of the ALJ's unfavorable decision with

---

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019) (citation omitted).

his federal Complaint. (Doc. 1-2). Plaintiff, thus, was notified of the ALJ's decision.

Third, it is also not clear what procedures Plaintiff believes he was denied or were overlooked. Plaintiff requested a hearing from an ALJ. (Doc. 13-1, at 16). Plaintiff obviously had a hearing before the ALJ, because he appealed the ALJ's unfavorable decision to this Court. Plaintiff also does not contend that he was prevented from participating in the hearing with the ALJ. Finally, Plaintiff was aware of the process to request review from the Appeals Council because the ALJ notified him of that process and the deadlines thereto. (Docs. 13-1, at 26-27; 1-2, at 1-2).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted). But even when a due process violation occurs, a claimant must still make a "showing of prejudice before [the Court] will determine that a social security claimant's due process rights have been violated to such a degree that the case must be remanded to the Commissioner for development of the record." *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Here, Plaintiff has failed to demonstrate prejudice. While he claims a denial of due process, he has not identified what specific process was denied. The record reflects that Plaintiff was afforded due process, and he availed himself of it – except for the final step of seeking review from the Appeals Council. The Court finds that Plaintiff has not raised a colorable constitutional claim that would excuse his failure to exhaust his administrative remedies.

## Conclusion

For the reasons stated above, the Commissioner's Motion to Dismiss (Doc. 13) is **GRANTED**. Consequently, Plaintiff's Complaint is **DISMISSED**. The Clerk shall enter a separate judgment accordingly.

**SO ORDERED**, this 10th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE
